■ In the Matter of BAER MARKS & UPHAM et al., Petitioners, v STANLEY E. GRAYSON, as Commissioner of Finance of the City of New York, et al., Respondents.—CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (g) by order of Supreme Court, New York County (Edward Greenfield, J.), entered December 5, 1988, by which petitioners challenge the final determination of the Department of Finance of the City of New York, dated February 26, 1988, which, after a hearing, assessed petitioner Baer Marks &

Upham with a real property transfer tax deficiency in the total sum of $118,080.31, unanimously dismissed, the petition denied, and the determination confirmed, without costs.

Petitioner Baer Marks & Upham, as grantor, assigned its leasehold in the 25th and 26th floors of 299 Park Avenue in Manhattan to petitioner, The Dun & Bradstreet Corporation, as grantee. Grantor, under the terms of the assignment of lease agreement, was to be paid an aggregate sum of $14,810,053.48 over a 10-year period. This amount was represented by a promissory note executed simultaneously with the assignment agreement in favor of the grantor. The principal balance on the note was $10,534,079.01, interest at a rate of 9% per year for 10 years amounted to $4,275,974.47. It is not disputed that grantee, in addition to the above, assume a prior indebtedness (promissory note) of the grantor in the amount of $93,087. Petitioner Baer Marks & Upham figured its real property transfer tax liability based upon the discounted amount of the promissory note executed in connection with the assignment agreement, as figured by its appraiser Interactive Properties, which, it contended, represented the "value" of the property exchanged. This amount was reduced by $1,000,000 which represented a fee Baer Marks & Upham was required to pay the prime lessor for its consent to the sublease to reach a "taxable" amount of $6,874,758.

Respondent figured the value of the leasehold interest exchanged based on the principal value of the note, $10,534,079.01 and the $93,087 indebtedness of the grantor assumed by the grantee. The petitioner's evidence of the value of the transaction consisted of the testimony of its appraiser as to how it arrived at the discounted value of the note. Respondent's determination was based upon the stated principal amount of the note, the assignment agreement, and the grantor's statement of the value given for the property on its New York State real property transfer tax questionnaire and Federal tax form 6252 which were filed in connection with the transaction. The amount listed on the New York State Tax Questionnaire was $10,534,079 (the principal amount of the note); the amount listed on Federal tax form 6252 was $10,627,166 (the principal amount of the note plus the $93,087 indebtedness assumed by grantee).

The evidence relied upon by the respondent in computing the value of the transaction constituted substantial evidence. (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180 [1978].) Under Administrative Code of the City

of New York § 11-2101 (4), Dun & Bradstreet Corporation's assumption of Baer Marks & Upham's $93,087 indebtedness was properly computed as part of the purchase price of the property. Respondent's valuation of the "consideration" ("price actually paid" [Administrative Code § 11-2101 (4)]) was a function of petitioner's own characterization and valuation of the transaction for Federal and State tax purposes which the petitioner was free to choose and is therefore bound by. *(Matter of Peat Marwick Main & Co. v New York City Dept. of Fin.,* 155 AD2d 239, 241 [1st Dept 1989], citing *Commissioner v National Alfalfa Dehydrating,* 417 US 134, 149 [1974].) Concur —Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.